IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS FIORELLI, | : | No. 3:14cv2405 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| 2080019 ONTARIO, INC. d/b/a SANDY-X | : | |
| GROUP; WAGAR MATLOOB; | : | |
| AZIZ AKHTAR; SREEJESH SASI; | : | |
| HAYES MEATS, LLC; and GEICO and/or | : | |
| *GOVERNMENT EMPLOYEES* | : | |
| *INSURANCE COMPANY,* | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court is Defendant Sreejesh Sasi's motion to dismiss Plaintiff Louis Fiorelli's claim for punitive damages pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is fully briefed and ripe for disposition.

**Background**

This case arises from an October 30, 2011 multi-vehicle collision involving an automobile driven by Plaintiff Louis Fiorelli (hereinafter "plaintiff") and a tractor-trailer driven by Defendant Wagar Matloob as an employee of 2080019 Ontario, Inc. (Doc. 1, Compl. ¶¶ 11, 14, 17). According to the allegations in the complaint, at approximately 1:05 that

morning, Defendant Sreejesh Sasi was driving on Interstate 81 in Susquehanna County, Pennsylvania as an employee of PV Holding Corporation when he lost control of his vehicle and struck a bridge barrier. (Id. ¶¶ 12, 15-16).  Sasi's crash stopped a tractor-trailer in the left lane driven by Defendant Aziz Akhtar, an employee of Hayes Meats, LLC. (Id. ¶¶ 13, 16-17).  Defendant Matloob struck Akhtar's vehicle and then the plaintiff's vehicle.  (Id. ¶¶ 16-17).  Plaintiff sustained injuries to the head, neck, and back, coupled with lacerations and contusions, requiring extensive medical treatment, including exams, inpatient neurological treatment, and diagnostic procedures.  (Id. ¶ 19-20).  Finally, plaintiff alleges past and future wage loss.  (Id. ¶ 21).

     Plaintiff filed a complaint on December 18, 2014, in the United States District Court for the Middle District of Pennsylvania.  The complaint seeks compensatory damages against Defendant Geico for failure to offer a prompt payment of plaintiff's insurance claim.  (Id. ¶ 182-83).  Plaintiff also seeks compensatory damages against Defendants Matloob, Sasi, and Akhtar for negligent and reckless conduct in disregard of the rules of the road and Pennsylvania's Motor Vehicle Code, as well as against their employers for vicarious liability and negligence in supervision and training.

(Id. ¶¶ 2-7, 18, 31-34).  Finally, plaintiff seeks punitive damages, alleging that defendants drove in a "negligent, outrageous, wanton, reckless and careless manner," creating the violent contact with plaintiff's vehicle that caused his injuries.  (Id. ¶ 18).  On March 16, 2015, Defendant Sreejesh Sasi filed a motion seeking dismissal of the punitive damages claim.  The parties briefed the issues, bringing the case to its present posture.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  The plaintiff is a citizen of the Commonwealth of Pennsylvania.  (Compl. ¶ 1).  Defendant Matloob is a citizen of Ontario, Canada.  (Id. ¶ 2).  Defendants Akhtar and Sasi are citizens of the State of New York.  (Id. ¶ 3-4).  Defendant Hayes Meats, LLC is a New York corporation.  (Id. ¶ 6).  Defendant 2080019 Ontario, Inc. is a Canadian corporation. (Id. ¶ 7).  Defendant Geico is a Virginia corporation.  (Id. ¶ 9).  Additionally, the amount in controversy exceeds $75,000.  (Id. ¶¶ 45, 92, 122, 147,177, 184).  Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over the case.  See 28 U.S.C. § 1332 ("[D]istrict courts shall have original jurisdiction of all civil actions where the matter in

3

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . .citizens of different States[.]"). As a federal court sitting in diversity, the substantive law of Pennsylvania applies to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

Defendant Sasi brings his motion to dismiss plaintiff's claim for punitive damages pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the sufficiency of the complaint's allegations when considering a 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

4

Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.  In evaluating the sufficiency of a complaint, the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

Defendant Sasi moves to dismiss the plaintiff's claim for punitive damages, asserting that the plaintiff's allegations fail to support the imposition of punitive damages. We disagree.

Under Pennsylvania law, punitive damages "are awarded only for outrageous conduct, that is, for acts done with a bad motive or with reckless indifference to the interests of others." Martin v. Johns-Manville Corp., 494 A.2d 1088, 1097-98 (Pa. 1985).  Reckless indifference refers to a conscious disregard of a risk known to the defendant or a risk "so

obvious that he must . . . have been aware of it, and so great as to make it highly probable that harm would follow." Evans v. Phila. Transp. Co., 212 A.2d 440, 443 (Pa. 1965).  In evaluating the appropriateness of a punitive damages claim, the Court must consider not only the offense itself, but also the circumstances surrounding it, including the wrongdoers' motives and the relations between all the parties involved.  Schwartz v. Rockey, 932 A.2d 885, 890 (Pa. 2007); see also Feld v. Merriam, 485 A.2d 742, 747 (Pa. 1984) (citing Chambers v. Montgomery, 192 A.2d 355, 358 (Pa. 1963)).

    Here, the plaintiff alleges that Defendant Sasi drove recklessly, failing to "properly observe the roadway, apply his brakes early enough to avoid striking the bridge barrier, and maintain adequate control over his vehicle." (Compl. ¶ 36(j)-(l)).  Plaintiff also asserts that discovery relating to Sasi's liability, which has not yet taken place, may provide support for a finding that Sasi exhibited willful or wanton conduct.  While allegations in the plaintiff's complaint alone may not be sufficient to convince a jury of Sasi's recklessness, subsequent discovery might find evidence supporting these claims.  If, after the conclusion of discovery, the evidence provides no support for a finding of reckless indifference, plaintiff will agree to amend

the complaint appropriately. (Doc. 39, Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss, at 3). Alternatively, Sasi may move for partial summary judgment on this issue.

**Conclusion**

For the above-stated reasons, the court will deny Defendant Sasi's motion to dismiss plaintiff's punitive damages claim. Discovery is required to determine the validity of plaintiff's allegation of reckless indifference. An appropriate order follows.

**Date: June 25, 2015**　　　　　　　　　**s/ James M. Munley**
　　　　　　　　　　　　　　　　　　　　　**JUDGE JAMES M. MUNLEY**
　　　　　　　　　　　　　　　　　　　　　**United States District Court**